

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number:  07-23321-CIV-MORENO

FURNITURE "R" US, INC. d/b/a FURNITURE
POWER, a Florida corporation,

    Plaintiff,

vs.

LEATH FURNITURE, LLC d/b/a Modernage
Furniture, a foreign limited liability company, and
PLANNED FURNITURE PROMOTIONS, INC.,
a foreign corporation,

    Defendants.
_____/

## ORDER GRANTING MOTION TO DISMISS AND FINDING PLAINTIFF LACKS STANDING

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss **(D.E. No. 12)**, filed on **February 22, 2008**.

THE COURT has considered the motion, the response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is GRANTED as the Plaintiff lacks standing to assert a claim under § 43(a) of the Lanham Act.  Because the Court finds Plaintiff lacks standing to bring the federal claim, the Court declines to exercise pendent jurisdiction over the state law claims.   It is also

**ADJUDGED** that all other pending motions are DENIED as moot and this case is closed.

### I.  Background

Plaintiff, Furniture Power, is a furniture store that is suing Defendants, Leath Furniture, which ran Modernage Furniture Store, and Planned Furniture Promotions, Inc. ("PFP"), which is in

the business of promoting furniture sales events at struggling stores around the country. The crux of the complaint is that Defendants misled the public to Plaintiff's detriment when it advertised a "going-out-of-business" sale, for which new furniture was acquired. Plaintiff also complains that Defendants artificially hiked retail prices to lure customers into believing they were receiving a better bargain.

More specifically, Furniture Power filed a complaint against Defendants for violating the Lanham Act, 15 U.S.C. § 1125 (Count I), misleading advertising under § 817.41, Fla. Stat. (Count II), unfair competition under Florida common law (Count III), and violating the Florida Deceptive and Unfair Trade Practices Act, § 501.201, Fla. Stat. *et seq.* (Count IV).

The purported advertisements at issue are as follows: "Going Out of Business," "It's a total liquidation!," "Prices Slashed," "Huge Savings," "No Reasonable Offer Refused!," "Wall-to-Wall Savings!," "Must Sell It All," and "Nothing Held Back! Everything Goes!".

Defendant PFP is now moving to dismiss Plaintiff's case claiming Plaintiff failed to state a cause of action because PFP was not in a "joint venture" with the co-Defendant Leath Furniture. In addition, Defendant PFP contends that Plaintiff's inferences regarding the advertisements at issue are unreasonable and the advertisements were not made in interstate commerce as required by the Lanham Act. Defendant PFP has also moved to dismiss the state law claims. Defendant Leath Furniture was served but has not answered the complaint.

## II. Legal Standard

On a motion to dismiss, the Court must view the complaint in the light most favorable to the plaintiff. *Glover v. Ligett Group, Inc.*, 459 F.3d 1304, 1308 (11th Cir. 2006). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's

obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (citations omitted).  A complaint must have "enough facts to state a claim to relief that is plausible on its face"; if it does not "nudge[] the[] claims across the line from conceivable to plausible, [it] must be dismissed." *Id.* at 1974.

### III. Legal Analysis

#### *Does Plaintiff have standing to bring the Lanham Act claim?*[1]

Defendant PFP vehemently asserts that Plaintiff's claims fail because it did not properly plead the existence of a joint venture under Florida law.  The Court construes PFP's argument to state that Plaintiff lacks standing because it is not Defendant PFP's direct competitor.  The Eleventh Circuit has expressly held, however, that parties who are not in direct competition may nonetheless, have standing to bring a Lanham Act claim.  *Phoenix of Broward, Inc. v. McDonald's Corp.*, 489 F.3d 1156, 1167 (11th Cir. 2007).

When reviewing Plaintiff's standing to bring a Lanham Act claim, the Court must first determine whether there is standing under Article III before turning to prudential considerations.  To establish Article III standing, a plaintiff must allege that (1) he has suffered an actual or threatened injury, (2) the injury is fairly traceable to the challenged conduct of the defendant, and (3) the injury is likely to be redressed by a favorable ruling.  *Phoenix of Broward, Inc.*, 489 F.3d at 1161.  Plaintiff alleges in the complaint that the Defendant's advertisements had the capacity to deceive customers, who were diverted to Modernage stores to Plaintiff's detriment.  Though the Court is skeptical that

---

[1]The Court notes the parties did not brief the *Phoenix of Broward* test for prudential standing under the Lanham Act.

the allegations show that Plaintiff suffered an injury "fairly traceable" to Defendant's challenged conduct, the Court will nevertheless find that the allegations at this stage suffice to establish constitutional standing and review the prudential considerations to determine standing.

Even if constitutional standing is met, prudential considerations may still preclude standing, which the Eleventh Circuit has specifically addressed in the context of Lanham Act claims under § 43(a)(1)(B) (codified at 11 U.S.C. § 1125). "The aim of [prudential standing] is to determine whether the plaintiff is 'a proper party to invoke judicial resolution of the dispute and the exercise of the court's remedial powers.'" *Phoenix of Broward*, 489 F.3d at 1172 (quoting *Conte Bros. Automotive Inc. v. Quaker State-Slick 50, Inc.*, 165 F.3d 221, 225 (3d Cir. 1998)). *Phoenix of Broward* set forth a five-part test to determine whether a party has prudential standing to bring a false advertising claim:

> (1) The nature of the plaintiff's alleged injury: Is the injury of a type that Congress sought to redress in providing a private remedy for violations of the [Lanham Act]?
>
> (2) The directness or indirectness of the asserted injury.
>
> (3) The proximity or remoteness of the party to the alleged injurious conduct.
>
> (4) The speculativeness of the damages claim.
>
> (5) The risk of duplicative damages or complexity in apportioning damages.

*Phoenix of Broward*, 489 F.3d at 1164; *Natural Answers, Inc. v. SmithKline Beecham Corp.*, 529 F.3d 1325, 1331-33 (11th Cir. 2008) (applying *Phoenix of Broward* test and finding plaintiff lacked prudential standing to bring Lanham Act claim). It is clear from this test that "standing under the

Lanham Act does not turn on the label placed on the relationship between the parties," as Defendant PFP contends. *Id.* (quoting *Conte Bros.*, 165 F.3d at 235). Accordingly, whether or not Plaintiff properly pled the existence of a joint venture may be considered but is by no means determinative of standing. The Court turns to the *Phoenix of Broward* test to rule on Plaintiff's standing.

### A. Type of Injury

Prong one requires the Court to evaluate the nature of Plaintiff's alleged injury. "[T]he focus of § 43(a) of the Lanham Act is on protecting 'commercial interests [that] have been harmed by a competitor's false advertising, and in secur[ing] to the business community the advantages of reputation and good will by preventing their diversion from those who have created them to those who have not.'" *Id.* 489 F.3d at 1168 (quoting *Conte Bros.*, 165 F.3d at 234).

In its complaint, Furniture Power alleges that it lost a great deal of sales due to Defendants' false advertisements that lured customers into believing that Modernage was disposing of all the products it had on hand as part of a liquidation sale and at a significant savings to customers when in reality it had acquired new merchandise for a "going-out-of-business" sale and there were not significant markdowns. This is precisely the type of injury that the Lanham Act was trying to redress. This factor, therefore, weighs in favor of standing.

### B. Directness of the Asserted Injury

The second factor requires the Court to examine the "directness" with which the defendant's conduct affected the plaintiff. In *Logan v. Burgers Ozark Country Cured Hams, Inc.*, 263 F.3d 447, 461 (5th Cir. 2001), the Fifth Circuit elaborated that this factor counseled in favor of standing where the plaintiff alleged that the defendant's "literally false advertising about its own goods influenced its customers to buy its product instead of [the plaintiff's] product." The second factor "weighs in

favor of standing in cases where 'one competitor directly injur[es] another by making false statements about its own goods and thus influenc[es] customers to buy its product instead of the competitor's product.'" *Phoenix of Broward*, 489 F.3d at 1169 (quoting *Logan*, 263 F.3d at 460).

The causal chain Furniture Power alleges is more tenuous than that suggested by the second prudential standing factor. Furniture Power alleges that (1) the advertisements falsely represented a liquidation when in fact more furniture was acquired for the sale, (2) the advertisements falsely indicated that the prices would be significantly discounted, and (3) "as a result, Furniture Power lost a great deal of sales at its Miami-Dade County and Broward County retail stores." There is no allegation that "but for" these advertisements customers would have shopped at Furniture Power (as opposed to one of the numerous other furniture stores in South Florida). Accepting the allegations as true, the causal chain linking Defendants' alleged misrepresentations about the sale to a decrease in Furniture Power's revenue is very attenuated, and frankly, it is not even concretely alleged.

Mindful that this prudential standing factor is similar to the "materiality" element of the Lanham Act claim on which Plaintiff needs to succeed on the merits, the Court concludes that the second factor counsels against prudential standing. *See Johnson & Johnson Vision Care, Inc. v. 1-800 Contracts, Inc.*, 299 F.3d 1242, 1250 (11th Cir. 2002) ("To succeed on a claim of false advertising, the plantiff must establish that the defendant's deception is likely to influence the purchasing decision.").

### C. Proximity to the Allegedly Harmful Conduct

The Court must next examine the proximity of the plaintiff to the allegedly harmful conduct. In evaluating this factor, the Court must determine "whether there is an 'identifiable class' of persons 'whose self-interest would normally motivate them to vindicate the public interest' by bringing a

suit." *Phoenix of Broward*, 489 F.3d at 1170 (quoting *Conte Bros.*, 165 F.3d at 234). "The existence of such a class diminishes the justification for allowing a more remote party . . . to perform the office of a private attorney general." *Id.* (quoting *Joint Stock Soc'y v. UDV N. Am., Inc.*, 266 F.3d 164, 182 (3d Cir. 2001)).

The Eleventh Circuit found that a class of consumers who were lured by the allegedly false advertising cannot form such a class as they cannot assert either a commercial or competitive injury as required by the Lanham Act. *Phoenix of Broward*, 489 F.3d at 1170. Generally, courts consider whether there is another appropriate party to vindicate the competitive harm wrought by the alleged misconduct. *Id.* (quoting *Joint Stock Soc'y*, 266 F.3d at 182).

Again, Furniture Power alleges that as a result of the misleading advertisements customers were lured away from Plaintiff's stores. Accepting these allegations as true, the Court, like the Eleventh Circuit in *Phoenix of Broward*, can think of no other "class" of plaintiffs that can more appropriately bring suit. A review of this factor therefore counsels in favor of a finding of prudential standing.

### D. *Speculative Nature of the Alleged Damages*

The fourth factor of the *Phoenix of Broward* test is the speculative nature of Plaintiff's damages. Plaintiff's complaint demands actual damages for lost profits, treble damages, and the costs of this action. Plaintiff also seeks compensation for all the profits earned by Defendants as a result of their false advertising pursuant to 15 U.S.C. § 1117(a). The Court will first analyze Plaintiff's request for its own lost profits and then its request to recover Defendants' illegitimate earnings.

Plaintiff alleges very generally that it lost profits as a result of customers who shopped at

Modernage stores instead of Furniture Power. To support standing at the pleading stage, a general factual allegation of injury is usually enough. Here, however, the speculative nature of Plaintiff's lost profits cannot be ignored. *Phoenix of Broward*, 489 F.3d at 1171 (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)). To quantify how many customers were lured by deceptive advertising to Modernage stores and shopped there to Plaintiff's detriment, will undoubtedly require speculation. How can the Court or a jury discern that a customer did not choose to shop at Modernage for a reason other than the advertisements? And, that but for the advertising, they would have walked into Furniture Power as opposed to one of the many other furniture stores in South Florida. Surely, this analysis would require speculation.

Plaintiff also alleges very generally that it is entitled under the statute to all of Defendants' ill-gotten gains. Again, the speculative nature of these damages is unavoidable. How can the Court or a jury discern what portion of Modernage's revenue during the sale were the direct result of the deceptive advertising versus what was earned legitimately? Undoubtedly, accounting for the Defendants' "illegitimately" earned profits would require conjecture.

The Court cannot find this factor favors prudential standing where the Plaintiff would merely receive damages as "the vicarious avenger of the general public's right to be protected against . . . false advertisements." *Id.* (quoting *Joint Stock Soc'y*, 266 F.3d at 185). Accordingly, the Court finds that the speculative nature of Plaintiff's damages weighs against prudential standing.

### E. Risk of Duplicative Damages and Complexity of Apportioning Damages

The fifth factor the Court must evaluate is two-fold: the risk of awarding duplicative damages or the complexity of apportioning damages. Courts applying this fifth factor have examined the risk of duplicative damages by examining the "number of potential claimants in the same position in the

distribution chain as the plaintiff. . ." *Phoenix of Broward*, 489 F.3d at 1172.  The Fifth Circuit in *Logan* determined the fifth factor weighed in favor of prudential standing when there was only one plaintiff that could bring a Lanham Act false advertising claim.  The Fifth Circuit, in *Procter & Gamble*, however, came out the other way where "every competitor in the market could sue" if Procter & Gamble were allowed standing.  *Id.*, 489 F.3d at 1172-73 (citing *Logan*, 263 F.3d at 461 and *Procter & Gamble v. Amway Corp.*, 242 F.3d 539, 564 (5th Cir. 2001)).

This case is more like *Procter & Gamble* than *Logan*.  If the Court were to find that Furniture Power had prudential standing, then every furniture store whose sales had fallen during Modernage's liquidation sale would also have prudential standing.  And, if every furniture store brought such a claim regardless of the amount of lost sales attributable to the false advertising, and "regardless of the impact on the competitor's good will or reputation (as the advertisements made no mention of any competitor)," the complexity of awarding damages would be an extraordinarily complex task. *Phoenix of Broward*, 489 F.3d at 1172.  Here, there was no direct mention of Plaintiff in any of the advertisements and therefore, Plaintiff is no different than the myriad of furniture stores that could have brought this claim.  Accordingly, this factor weighs against a finding of prudential standing.

### F. Weighing the Totality of the Factors

Undoubtedly, the question of Plaintiff's prudential standing is a close call.  Of the five factors, the first and third weigh in favor of prudential standing and the second, fourth and fifth weigh against prudential standing.  This turnout is the same as that in *Phoenix of Broward*, where the Eleventh Circuit found Plaintiff lacked prudential standing to bring the Lanham Act claim.  Here, like there, Plaintiff has identified a harm to its commercial interests, and there is no identifiable class of persons that is more proximate to the claimed injury.  That being said, though, the tenuous link

between the alleged injury and the false advertising, coupled with the speculative nature of the damages and the complexity of apportioning damages leads the Court to find that on balance the factors weigh against a finding of prudential standing.

### IV. Conclusion

For the reasons set forth in this Order, the Court finds Plaintiff lacks standing to assert its claim under § 43(a) of the Lanham Act and declines to exercise pendent jurisdiction over the state law claims.

DONE AND ORDERED in Chambers at Miami, Florida, this 25th day of September, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Parties and Counsel of Record